15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerrold Scott HAYLES, Defendant-Appellant.
 No. 93-30081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 A probation action, alleging four violations of the terms of supervised release, was filed against appellant. During the revocation hearing, a fifth violation was added at the district court's suggestion. Appellant denied violations one and five, but admitted the others. The district court found that appellant had committed all five violations and sentenced him to eleven months imprisonment.
 
 
 4
 * Violation # 5 alleged that appellant tried to avoid receiving a summons to appear for the revocation hearing by failing to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." The violation was added at the suggestion of the district court during the revocation hearing. The court asked appellant's counsel how much time he would need to confer with appellant to respond to this violation. Counsel requested fifteen minutes. The court held a recess for the time requested, while the government prepared a written addendum to the initial probation action.
 
 
 5
 Appellant claims that he was denied due process because Fed.R.Crim.P. 32.1(a) and (b) were violated. We disagree. The technical requirement of Rule 32.1(a) was satisfied: written notice was given to appellant during the court's recess. Rule 32.1(b) was also satisfied because the evidence against appellant was disclosed. Appellant cannot say that he was somehow surprised by the evidence supporting Violation # 5 when it is uncontested that appellant had lied to his probation officer about his whereabouts and was apprehended at his father's house, despite his attempt to hide from law enforcement.
 
 
 6
 Furthermore, appellant did not request any additional continuance. Nor can he make any showing of prejudice: he cannot demonstrate that given additional time, he could have proved that he never lied to his probation officer or disobeyed her instructions. Accordingly, we hold that Rule 32.1(a) and (b) were satisfied and appellant's due process rights were not violated.
 
 II
 
 7
 Violation # 1 alleged that appellant failed to report that he was questioned in a criminal matter by law enforcement officials. In making its case, the government offered a statement taken from a police detective's report that appellant was called and questioned about his involvement in an alleged theft and assault. Appellant objected to the evidence as hearsay, but was overruled. This was not surprising given that the Federal Rules of Evidence do not apply to revocation hearings. See Fed.R.Evid. 1101(d)(3). Appellant claims that admitting this evidence, however, violated his "due process right to cross-examine witnesses."
 
 
 8
 The procedural rights at a revocation hearing are less than at a criminal trial, see United States v. Martin, 984 F.2d 308, 311 (9th Cir.1993). "Less process is due ... and that process must be flexible enough to allow the court to consider documentary evidence that may not meet usual evidentiary requirements." United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987). In particular, the "use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence" is not prohibited. Gagnon v. Scarpelli, 411 U.S. 778, 783 n. 5 (1973).
 
 
 9
 Due process is satisfied when the finding of a violation is "based on verified facts and ... the exercise of discretion [is] informed by an accurate knowledge of the parolee's behavior." Morrissey v. Brewer, 408 U.S. 471, 484 (1972). The district court found Violation # 1 not only on the basis of the admitted statement, but on the basis of other corroborating evidence. First, appellant himself admitted to being involved in the "theft and assault" incident. Second, the detective's investigation file included appellant's photograph and correct phone number and address. Third, a bench warrant for appellant's arrest had been issued because he had failed to appear in court on the "theft and assault" matter. These facts strongly support the reliability of the detective's written statement that he had in fact contacted appellant. And "reliability of evidence may provide a basis for its admission." Simmons, 812 F.2d at 564.
 
 
 10
 In addition, the district court based its finding on the testimony of appellant, whom the court found not to be credible. See United States v. Martinez, 514 F.2d 334, 341 (9th Cir.1975) (jury's disbelief of a defendant's testimony can provide a partial basis for its conclusion that the opposite is true when other objective evidence buttresses drawing the inference). Because the district court's finding was based on verified facts with sufficient indicia of reliability, we conclude that appellant's right to confrontation was not violated.
 
 
 11
 The district court's order revoking appellant's supervised release is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3